

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 10, 1964

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Opinion No. C-241

Re: Responsibility of the
Juvenile Court of Dallas
County to grant medical
orders for juveniles in
certain circumstances,
and related questions.

Dear Mr. Wade:

You have requested the opinion of this office as to the following questions:

"(1) Is it the responsibility of the Juvenile Court of Dallas County, Texas to secure /grant/ medical orders for all juveniles where the consent of parent or guardian is not obtainable due to death, desertion, etc., when they are not wards of the Court?

(2) In the event the Judge of the Juvenile Court is not available, what other Court or Courts, if any, have the authority and responsibility of granting medical orders for minors?

(3) Does the Juvenile Court of Dallas County, Texas have jurisdiction to issue medical orders for all minors to and including the age of 21 years; or is such jurisdiction limited to boys to the age of 17 years and girls to the age of 18 years?"

By the term "medical order" we understand you to have reference to the order granting permission to carry out medical and surgical procedures on minor children, such order being granted in place of the normal parental permission which is necessary in dealing with minors.

We will answer your questions in the order propounded.

The jurisdiction of the Juvenile Court of Dallas County is set forth in Article 2338-9, Section 3, Vernon's Civil Statutes, which reads as follows:

"The Juvenile Court shall have jurisdiction concurrent with the District Courts in Dallas County of all cases involving adoptions, removal of disability of minority and coverture, wife and child desertion, delinquent, neglected or dependent child proceedings, Reciprocal Support Act and all jurisdiction, powers and authority now or hereafter placed in the District or County Courts under the juvenile and child welfare laws of this State; and of all divorce and marriage annulment cases, including the adjustment of property rights and custody and support of minor children involved therein, alimony pending final hearing, and any or every other matter incident to divorce or annulment proceedings as well as independent actions involving child custody or support of minors, change of name of persons; and all other cases involving justiciable controversies and differences between spouses, or between parents, or between them, or one of them, and their minor children, which are now, or may hereafter be, within the jurisdiction of the District or County Courts; and all cases in which children are alleged or charged to be dependent and neglected children or delinquent children as provided by law. All cases enumerated or included above may be instituted in or transferred to the Juvenile Court."

It is clear from the foregoing statutes that the Juvenile Court is authorized to take jurisdiction of minor children under any of the circumstances enumerated above. If the circumstances of the individual case warranted it, the child could be made a ward of the Court, under the authority and rationale of Article 2338-1, Sections 1 and 2, Vernon's Civil Statutes, which read as follows::

"Section 1. The purpose of this Act is to secure for each child under its jurisdiction such care, guidance and control, preferably in his own home, as will serve the child's welfare and best interest of the state; and when

such child is removed from his own family,
to secure for him custody, care and disci-
pline as nearly as possible equivalent to
that which should have been given him by
his parents.

The principle is hereby recognized
that children under the jurisdiction of
the Court are wards of the state, subject
to the discipline and entitled to the pro-
tection of the state, which may intervene
to safeguard them from neglect or injury
and to enforce the legal obligations due
to them and from them.

"Sec. 2. This Act shall be liberally
construed to accomplish the purpose herein
sought."

When the jurisdiction of the Juvenile Court is in-
voked, under any circumstances, and the Court sees fit to
make the child a ward of the Court, it then becomes incumbent
upon the Court to make such provision for the child's welfare
as to protect him from neglect or injury. Such provision
necessarily includes the authority and duty to act in loco
parentis with regard to the child's physical or mental health.

Your second question asks if any other Court has
the authority and responsibility to issue medical orders for
minors in the event that the Judge of the Juvenile Court is
not available. Article 2338-9, Section 4, Vernon's Civil
Statutes, reads as follows:

"Immediately after this Act takes ef-
fect all cases now pending in the District
Court of Dallas County, Texas, designated
as the Juvenile Court of said County, shall
be transferred to the Juvenile Court created
by this Act. . .All District Courts of Dallas
County may likewise sit for, hear and decide
cases pending in said Juvenile Court, as the
sitting for, hearing and deciding of cases
is now or may hereafter be authorized by
law for all District Courts of Dallas County."
(Emphasis added)

The plain words of the Act reveal that any District Judge in
Dallas County may exercise the authority of the Juvenile Court
Judge in the event of his absence or disability.

Your third question asks whether the jurisdiction of the Juvenile Court to issue medical orders extends to all children up to the age of 21 years, or whether such jurisdiction is limited to boys to the age of 17 years and girls to the age of 18 years. A minor has been defined as " . . . all persons under twenty-one years of age who have never been married, except persons under that age whose disabilities of minority have been removed generally, except as to the right to vote, in accordance with the laws of this State." Texas Probate Code, Sec. 3 (t), Vernon's Civil Statutes. The case law in this area has been directed at the problems of delinquent minors and the criminal statutes, and we are not here concerned with that aspect. There being no case law in point, we must interpret the statute itself.

Article 2338-9, which establishes the Juvenile Court of Dallas County, frequently refers to "minors," without defining the term. The jurisdiction of the Court extends to every aspect of minority, and is not limited to the delinquent child. We must, therefore, look to the general definition of a "minor" in determining the limits of the Court's jurisdiction. Since the general definition of a minor includes anyone under the age of twenty-one, it must be concluded that the Juvenile Court's jurisdiction in matters concerning a child's health and welfare extends to the age of twenty-one, when the child is already a ward of the Court. Unless the child is a ward of the Court, however, the Court would not have the authority to act without first having assumed custody of the child under the pertinent statutes.

## S U M M A R Y

It is the duty and responsibility of the Juvenile Court of Dallas County to secure medical orders for all juveniles who have been made wards of the Court. The Court has no authority to act in cases where the jurisdiction of the Juvenile Court has not been invoked and the child involved has not been made a ward of the Court.

In the event the Judge of the Juvenile Court is not available, any other District Judge of Dallas County has authority to act in his stead.

The Judge of the Juvenile Court of Dallas County has jurisdiction to issue medical orders for all minors up to the age of twenty-one years, if such minor is a ward of the Court.

Hon. Henry Wade, page 5 (C- 241 )

Yours very truly,

WAGGONER CARR
Attorney General

By: Malcolm L. Quick
Assistant

MLQ:ms:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Howard Fender
Lloyd Martin
Robert Smith
Jerry Brock

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone